IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>LLOYD MCNEELY,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CERTIFY QUESTION TO UTAH SUPREME COURT<br><br>Case No. 1:16CV7DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Lloyd McNeely's Motion for Certification of Question of Law to the Utah Supreme Court.  On November 16, 2016, this court issued a Memorandum Decision and Order on the parties' cross motions for summary judgment.  After receiving an adverse ruling from this court, Defendant filed the present motion, seeking to have the court certify to the Utah Supreme Court "the question of Utah law that was raised by the parties' cross motions for summary judgment."  Def. Mot. For Cert., Docket No. 29 at 1.

      Defendant contends that at the October 26, 2016 hearing on the cross motions for summary judgment he requested that the court certify the questions to the Utah Supreme Court in the event the court did not find that the *Iverson v. State Farm Mutual Ins. Co.*, 2011 UT 34, 256 P.3d 222 (Utah 2011) decision applied in the manner advocated by Defendant.  This representation is somewhat disingenuous.  At the hearing, both parties presented their arguments

on the cross motions without asking the court to certify the question. The court raised the issue after each side had presented their arguments, stating: Now neither of you has asked me to certify this, I assume if you wanted me to, one of you would have asked." Defendant's counsel responded that Utah law was clear, but that "if the court disagrees with that or finds it to be unclear, then we would ask that the question be certified, but we don't think it is unclear."

Rule 41(a) of the Utah Rules of Appellate Procedure provides that "the Utah Supreme Court may answer a question of Utah law certified to it by a court of the United States when requested to do so by such certifying court . . . if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain." Utah R. App. P. 41(a). The certification order must state the "question of law to be answered," "that the question certified is a controlling issue of law in a proceeding pending before the certifying court," and "that there appears to be no controlling Utah law." *Id.* 41(c). Courts have found that certification is appropriate "when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001). A court should consider whether certification of the issue "would further the interest of comity and federalism by giving the Utah Supreme Court an opportunity to answer it in the first instance should it elect to do so under Utah R. App. P. 41." *See Ohio Cas. Ins. v. Unigard Ins. Co.*, 2009 WL 1160297 at *5 (10th Cir. April 28, 2009).

The court considers Defendant's present motion to be untimely. A party cannot assert that Utah law is clear on an issue and then seek redress from another court when it receives an

unfavorable ruling.  At this stage of the litigation, if Defendant disagrees with the court's analysis, his recourse is to file an appeal to the Tenth Circuit.  Defendant can ask the Tenth Circuit to certify the issue prior to its analysis of the issue.  Prior to this court's analysis of the issue, Defendant's only position was that the issue was clear and that the court should certify the question only if the court thought it was unclear or disagreed with Defendant.  Disagreement with a party's position does not make the issue unclear.   Accordingly, Defendant's Motion for Certification of Question of Law to the Utah Supreme Court is DENIED.

      DATED this 22nd day of November, 2016.

                                                         DALE A. KIMBALL
                                                         United States District Judge